UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| AMERICAN FIRE & CASUALTY COMPANY,<br><br>           Plaintiff,<br><br>      v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 25,<br><br>           Defendants. | NO. 2:20-cv-00116-WBS-KJN |
| BYRON PAIZS,<br><br>           Plaintiff,<br><br>      v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 25,<br><br>           Defendants. | NO. 2:20-cv-00325-WBS-KJN |

1

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

On April 15, 2020, the court ordered that the cases captioned <u>American Fire & Casualty Co. v. Ford Motor Co.</u>, No. 2:20-cv-00116-WBS-KJN ("<u>American Fire</u> Action") and <u>Byron Paizs v. Ford Motor Co.</u>, No. 2:20-cv-00325-WBS-KJN ("<u>Paizs</u> Action") be consolidated pursuant to Federal Rule of Civil Procedure 42(a) for the purposes of fact discovery, expert discovery, and dispositive motion practice because the cases involve common questions of law and fact concerning claims for property damage as a result of a motor vehicle fire that occurred on November 10, 2016, involving a 2002 Ford F-150.  (<u>See</u> Case No. 2:20-cv-00116, Docket No. 17.)  The court further ordered the parties in both actions to meet and confer pursuant to Federal Rule of Civil Procedure 26, to submit one Joint Status Report, and to serve one set of Initial Disclosures.  (<u>See</u> <u>id.</u>)

The parties filed their Joint Status Report on October 13, 2020, and the court held a Status (Pretrial Scheduling) Conference on October 26, 2020.  (<u>See</u> Docket Nos. 21, 22.)  Based on the parties' Joint Status Report and discussions with counsel at the hearing, the court hereby makes the following findings and orders.

I. <u>SERVICE OF PROCESS</u>

All defendants have been served, and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II. <u>JOINDER OF PARTIES/AMENDMENTS</u>

No further joinder of parties or amendments to

pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

III. JURISDICTION/VENUE

Jurisdiction is predicated upon diversity jurisdiction, 28 U.S.C. § 1332, because these are civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of costs and interest.  Venue is undisputed and hereby found to be proper.

IV. DISCOVERY

The parties agree to serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before November 9, 2020.

Plaintiffs shall disclose their experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) no later than October 13, 2021.  Defendant shall disclose its experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) no later than December 13, 2021.

All fact discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by August 12, 2021.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel fact

discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than August 12, 2022.

All expert discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by February 17, 2022. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel expert discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than February 17, 2022.

V.   MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before March 10, 2022. All motions shall be noticed for the next available hearing date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI.  FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for May 23, 2022, at 1:30 p.m. in Courtroom No. 5. The conference shall be attended by at least one of the attorneys who will conduct the

1  trial for each of the parties and by any unrepresented parties.
2         Counsel for all parties are to be fully prepared for
3  trial at the time of the Pretrial Conference, with no matters
4  remaining to be accomplished except production of witnesses for
5  oral testimony.  Counsel shall file separate pretrial statements,
6  and are referred to Local Rules 281 and 282 relating to the
7  contents of and time for filing those statements.  In addition to
8  those subjects listed in Local Rule 281(b), the parties are to
9  provide the court with: (1) a plain, concise statement which
10 identifies every non-discovery motion which has been made to the
11 court, and its resolution; (2) a list of the remaining claims as
12 against each defendant; and (3) the estimated number of trial
13 days.
14         In providing the plain, concise statements of
15 undisputed facts and disputed factual issues contemplated by
16 Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
17 that remain at issue, and any remaining affirmatively pled
18 defenses thereto.  If the case is to be tried to a jury, the
19 parties shall also prepare a succinct statement of the case,
20 which is appropriate for the court to read to the jury.
21 VII. TRIAL SETTING
22         Pursuant to the oral agreement of all counsel, the
23 American Fire Action and the Paizs Action are hereby consolidated
24 for trial, subject to any subsequently noticed motion to sever.
25 The jury trial is set for July 26, 2022 at 9:00 a.m.  The parties
26 estimate that the trial will last 5-7 court days.
27 VIII.     SETTLEMENT CONFERENCE
28         A Settlement Conference will be set at the time of the

Pretrial Conference.  All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX.   MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

IT IS SO ORDERED.

Dated:   October 27, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE