1  H. Grant Law (SBN 144505)
   hlaw@shb.com
2  Samantha Burnett (SBN: 320262)
   sburnett@shb.com
3  Melina Manetti (SBN: 318350)
   mmanetti@shb.com
4  SHOOK, HARDY & BACON L.L.P.
   555 Mission Street, Suite 2300
5  San Francisco, California 94105
   Telephone:    415.544.1900
6  Facsimile:    415.391.0281

7  Scott A. Richman (*admitted pro hac vice*)
   srichman@mtwlegal.com
8  MCDONALD TOOLE WIGGINS, P.C.
   111 N. Magnolia Ave., Suite 1200
9  Orlando, FL 32801
   Telephone:    407.246.1800
10 Facsimile:    407.246.1895

11 Attorneys for Defendant
   FORD MOTOR COMPANY
12

13                     UNITED STATES DISTRICT COURT

14                   EASTERN DISTRICT OF CALIFORNIA

15 | AMERICAN FIRE & CASUALTY | Case No. 2:20-cv-00116-WBS-KJN |
   | COMPANY, | |
16 | | **PARTIES' STIPULATED PROTECTIVE** |
   |             Plaintiff, | **ORDER** |
17 | | |
18 |       vs. | |
19 | FORD MOTOR COMPANY, a Delaware | |
   | Corporation and DOES 1 through 25, | |
20 | | |
   |             Defendant. | |
21 | BEATRICE DAILY, EXECUTRIX OF THE | Case No. 2:20-cv-00325-WBS-KJN |
   | ESTATE OF BYRON PAIZS, DECEASED | |
22 | | |
   |             Plaintiff, | |
23 | | |
   |       vs. | |
24 | | |
   | FORD MOTOR COMPANY, a Delaware | |
25 | Corporation and DOES 1 through 25, | |
   | | |
26 |             Defendant. | |

27

28

In order to preserve and maintain the confidentiality of certain "confidential information" and/or proprietary documents produced or to be produced by FORD MOTOR COMPANY ("Ford") or by any party in this action, it is ordered that:

1.     "Confidential information" shall mean information that the party designating confidential reasonably believes to fall within the following definition:

      a.     Trade secrets, meaning information, including a formula, pattern, compilation, program, device, method, technique, or process that:

      Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

      b.     Research, development, or commercial information that is of a highly competitively sensitive nature, and the release of which would likely cause proprietary, competitive, or economic harm.

      c.     Information protected from disclosure by law, contract or policy.

2.     Documents or information to be produced or provided by Ford or any party in this litigation that contain confidential information and/or proprietary information may be designated as confidential by marking or placing the applicable notice "Subject to Protective Order," or "Confidential," or substantially similar language on media containing the documents, on the document itself, or on a copy of the document, in such a way that it does not obscure the text or other content of the document.

3.     As used in this Order, the terms "documents" or "information" mean all written material, electronic data, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise).

4.     Documents or information designated as "Subject to Protective Order," or "Confidential" or substantially similar language in accordance with the provisions of this Order

("Protected Documents" or "Protected Information") shall only be used, shown or disclosed as provided in this Order.  However, nothing in this Order shall limit a party's use or disclosure of his or her own information designated as a Protected Document or Protected Information.

5.     If a receiving party disagrees with the "Protected" designation of any document or information, the party will notify the producing party in a written letter and identify the challenged document(s) with specificity, including Bates-number(s) where available, and the specific grounds for the objection to the designation.  If the parties are unable to resolve the issue of confidentiality regarding the challenged document(s), the designating party will thereafter timely apply to the Court pursuant to the Court's procedures for discovery disputes, for the purpose of establishing that the challenged document(s) or information is/are confidential.  Protected Documents will continue to be treated as such pending determination by the Court as to the confidential status.

6.     Protected Documents and any copies thereof shall be maintained confidential by the persons authorized to receive the documents pursuant to paragraph 6 and shall be used only for prosecuting, defending, or attempting to settle this litigation, subject to the limitations set forth herein.

7.     Protected Documents shall be disclosed only to "Qualified Persons."   Qualified Persons are limited to:

     a.     Counsel of Record for the parties, and the parties;

     b.     Paralegals and staff employed by Counsel of Record and involved in the preparation and trial of this action;

     c.     A vendor hired by a party to host data and maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case;

     d.     Experts and non-attorney consultants retained by the parties for the preparation and/or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford; and

     e.     The Court, the Court's staff, witnesses, and the jury in this case.

8.     The receiving party must make reasonable efforts to ensure the individuals described in paragraphs 6(b), 6(c) and 6(d) above are Qualified Persons.

9.     Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b), 6(c) and 6(d) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto.  The receiving party shall retain each such executed Written Assurance and shall keep a list identifying (a) all persons described in paragraphs 6(b), 6(c) and 6(d) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons.  Each such executed Written Assurance and list shall be submitted to counsel for Ford at the termination of this litigation or upon Order of the Court requiring production, whichever comes first.  However, for consulting experts who were not designated as testifying experts, the receiving party may redact the name, address, and signature of the consultant before disclosing the executed Exhibit A and document list for that person.  To the extent the "Qualified Persons" described in paragraph 6(d) above include privileged non-testifying expert consultants, the receiving party shall retain each such executed Exhibit A and shall keep a list identifying (a) all such non-testifying expert consultants described in paragraphs 6(d) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons.  In the event that Ford (or the producing party) seeks to compel the production of each unredacted and executed Exhibit A for good cause, the receiving party shall submit each unredacted and executed Exhibit A and list to the Court for *in camera* inspection.  Persons described in paragraph 6(b) shall be covered under the signature of Counsel of Record.

10.     As the Protected Documents may only be distributed to Qualified Persons, Qualified Persons may not post Protected Documents on any website or internet accessible document repository, excepting a vendor hosted review platform for the sole purpose of reviewing the information for the subject case and not for any other purpose, and shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Ford's (or the producing party's) Protected Documents and confidential information.

11.     To the extent that Protected Documents or information obtained therefrom are used in written discovery or in the taking of depositions (including exhibits) or other pretrial discovery or testimony and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, including any transcript pages of the deposition testimony and/or trial testimony dealing with, referring to or referencing the Protected Documents or information. Designation of the portion of the transcript (including exhibits) which contains references to Protected Documents or information shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) business days after the receipt of the draft or final transcript (whichever is received earlier) of such proceeding (as used herein, the term "draft transcript" does not include an ASCII or rough transcript).  However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Protected Documents.  All portions of transcripts not designed as Confidential within the time frame provided herein shall be deemed not confidential.

12.     If any party disagrees with the designation of all or part of a deposition transcript designated as "Protected" pursuant to Paragraph 10 above, such party must notify the designating party in a written letter and identify the testimony (by line and page designation) and the specific grounds for the objection to the designation.  If the parties are unable to resolve the issue of confidentiality regarding the challenged deposition testimony, the designating party will thereafter timely apply to the Court pursuant to the Court's procedures for discovery disputes, for the purpose of establishing that the challenged deposition testimony is confidential.  The designated deposition testimony at issue, and any related exhibits, will continue to be treated as a Protected Document pending determination by the Court as to the confidential status.

13.     All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed under seal by following the protocols for sealed filings in this Court.  The parties agree that there is good cause and there exist compelling reasons to seal the requested information.  However, if a party believes that documents designated as Protected Documents cannot or should not be sealed, pursuant to the

5

protocols and rules in this Court, then the party wishing to file the materials shall particularly identify the documents or information that it wishes to file to the producing party, in writing.  The parties will then meet and confer, in a good faith effort to resolve the dispute.  Failing agreement, the party wishing to file the materials must request a ruling from the Court on whether the Protected Documents in question must be submitted under seal.  The producing party shall have the burden of justifying that the materials must be submitted under seal.  Absent written permission from the producing party or a court Order denying a motion to seal, a receiving party may not file in the public record any Protected Documents.

14.    Within one hundred and twenty (120) days after the conclusion of this case, counsel for the parties who received Protected Documents, including any documents that any such party disclosed to any person described in paragraph 6(b), (c) or (d) above, shall either (a) return to Ford (or the producing party) the Protected Documents; or (b) securely destroy the Protected Documents and certify such destruction to Ford (or the producing party) within one hundred and fifty (150) days after the conclusion of this case.

15.    Submission to regulatory agency or governmental entity:

a.    This protective order shall not be construed to prohibit Ford's disclosure or production of safety-related information to a regulatory agency or governmental entity with an interest in the safety-related information. Material subject to this protective order may only be disclosed to a regulatory agency or governmental entity with an interest in the safety-related information by Ford, and such disclosure shall be made pursuant to 49 CFR 512 or similar applicable rules.

b.    If other parties to this protective order have a reasonable belief that certain documents are safety-related and need to be disclosed to a regulatory agency or governmental entity, they are not prohibited from advising the regulatory agency or governmental entity that they believe such documents were produced in this case, however, any disclosure of such documents shall adhere to the procedure described in Paragraph 14(a).

STIPULATED PROTECTIVE ODER
CASE NOS. 2:20-CV-00116-WBS-KJN; 2:20-CV-00325-WBS-KJN

16.    Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

17.    The parties may disclose and produce responsive documents to each other in this litigation, and seek to do so without risking waiver of any attorney-client privilege, work product or other applicable privilege or protection.  As such, the parties will adhere to the following procedures with regard to the production of privileged or protected material, should that occur:

        a.    The production of documents (including both paper documents and electronically stored information or "ESI") subject to protection by the attorney-client and/or work product doctrine or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

        b.    If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party.  The producing party will provide a privilege log providing information upon request or if required by the Federal Rules of Civil Procedure and applicable case law to the receiving party at the time the producing party provides the receiving party notice of the Identified Materials.  If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

        c.    The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.  The receiving party may make no use of

7

the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents have been designated by a court as not privileged or protected.

    d.    The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The receiving party must take reasonable steps to retrieve the Identified Materials if the receiving party disclosed the Identified Materials before being notified.

    e.    If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulation and Order.

    f.    The party returning the Identified Materials may move the Court for an order compelling production of some or all of the Identified Material returned or destroyed, but the basis for such motion may not be based on the fact or circumstances of the production.

    g.    The disclosure of Identified Materials in this action is not a waiver of the attorney-client privilege, work product doctrine or any other asserted privilege in any other federal or state proceeding, pursuant to Rule 502(d), Federal Rules of Evidence.

    18.    No provision of this stipulated order shall constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine.  No provision of this stipulated order is intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent set forth herein.

8

19.     In the event that a party produces a document without a confidentiality designation as permitted by this Order, the following procedures shall apply:

        a.     The producing party shall, within fourteen (14) days of the discovery of the disclosure, notify the other party in writing.  The party receiving such notice shall promptly destroy the document, including any copies it has, or return the document on request of the producing party.  Within ten (10) days after such document is returned or its destruction certified, the producing party will produce a new version of any such document that was returned or destroyed, which will contain the appropriate confidentiality designation.

        b.     If the receiving party disputes the producing party's claim of confidentiality, that party may move the Court to challenge the confidential designation in accordance with Paragraph 4 of this Order.  If the receiving party elects to file such a motion, the receiving party may retain possession of the document, but shall treat it in accordance with the terms of the Protective Order pending resolution of the motion.  If the receiving party's motion is denied, the parties shall promptly comply with Paragraph 18(a) of this Order.

        c.     The production of such document does not constitute a waiver of any claim of confidentiality as set forth in this order or any other matter in any other jurisdiction, unless otherwise ordered by the Court.

20.     This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties.  If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

21.     After termination of this litigation, the provisions of this Order shall continue to be binding.  This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

22.     This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.


Dated:  February 22, 2022              GROTEFELD HOFFMANN LLP


                                       By: /s/ David Kestenbaum (as authorized on 02/22/2022)

                                           Attorneys for Plaintiff
                                           AMERICAN FIRE & CASUALTY CO.

Dated:  February 22, 2022              LAW OFFICES OF LAWRENCE M. KNAPP


                                       By: /s/ Catherine Moss (as authorized on 02/22/2022)

                                           Attorneys for Plaintiff
                                           BEATRICE DAILY, EXECUTRIX OF THE
                                           ESTATE OF BYRON PAIZS, DECEASED

Dated:  February 22, 2022              SHOOK, HARDY & BACON LLP


                                       By: /s/ Samantha K. N. Burnett
                                           Samantha K. N. Burnett

                                           Attorneys for Defendant
                                           FORD MOTOR CO.


## **ORDER**

The court has reviewed the parties' stipulated protective order.  (See ECF No. 33).  The stipulation lists categories of information sought to be protected, and otherwise comports with the relevant authorities and the court's applicable local rule.  See L.R. 141.1(c);[1] see also Phillips ex

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:

    (1)  A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

1    rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) (requiring a

2    showing of good cause for protective orders).  The court APPROVES IN PART the protective

3    order, subject to the following clarification.  The Local Rules state that once an action is closed,

4    "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of

5    any protective order filed in that action."  L.R. 141.1(f).  Courts in the district generally do not

6    agree to retain jurisdiction for disputes concerning protective orders after closure of the case.  See,

7    e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017).  Thus,

8    the court will not retain jurisdiction over this protective order once the case is closed, and rejects

9    the portion of par. 21 related thereto.

10   Dated:  February 24, 2022

11

12                                                                KENDALL J. NEWMAN
                                                                  UNITED STATES MAGISTRATE JUDGE
13

14   SD, daily.325

15

16

17

18

19

20

21

22

23

24

25

26

27          (2)  A showing of particularized need for protection as to each category of information proposed to
                 be covered by the order; and
28          (3)  A showing as to why the need for protection should be addressed by a court order, as opposed
                 to a private agreement between or among the parties.

                                                         11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FIRE & CASUALTY COMPANY, | Case No. 2:20-cv-00116-WBS-KJN |
| Plaintiff, | **PARTIES' STIPULATED PROTECTIVE ORDER** |
| vs. | |
| FORD MOTOR COMPANY, a Delaware Corporation and DOES 1 through 25, | |
| Defendant. | |
| BEATRICE DAILY, EXECUTRIX OF THE ESTATE OF BYRON PAIZS, DECEASED | Case No. 2:20-cv-00325-WBS-KJN |
| Plaintiff, | |
| vs. | |
| FORD MOTOR COMPANY, a Delaware Corporation and DOES 1 through 25, | |
| Defendant. | |

## <u>EXHIBIT A</u>

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Stipulated Protective Order attached hereto, and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United States District Court for the Eastern District of California, in the above captioned case and binds me to the

12

provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.


This _____ day of _____, 20___.


**AFFIANT** _____
_____

SUBSCRIBED AND SWORN to before me
this ____ day of _____, 20__.


_____
NOTARY PUBLIC
Name:_____
No.: _____
My Commission Expires:_____